### GODAT v. McCARTHY et al.

(District Court, D. Massachusetts. September 25, 1922.)

No. 1925.

Intoxicating liquors ⬥255—Holding seized liquor without forfeiture held trespass ab initio.

The seizure by prohibition agents of an automobile and liquors from plaintiff's garage, in his absence and without his knowledge, and their retention for nearly two years without notice to him or the institution of any proceeding for their forfeiture, *held* a trespass ab initio, and plaintiff *held* entitled to the return of the property.

At Law. Action by Henry Godat against William J. McCarthy and others. Judgment for plaintiff.

Nathan Ullian, of Boston, Mass., for petitioner.
Elihu D. Stone, of Boston, Mass., for defendant.

MORTON, District Judge. This is a proceeding to recover possession of intoxicating liquor seized from the plaintiff by the prohibition officers, and now in the possession of the federal prohibition director for this state. The facts are as follows:

The prohibition officers, accompanied by local police, demanded ad-

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mission into a closed and locked garage hired by the plaintiff. This demand was made in the absence of the plaintiff upon the general caretaker of the premises. By direction of the landlord, he admitted the officers by means of a pass key. In the garage the officers found an automobile belonging to the plaintiff, and a box on the floor, in which were about 35 quarts of liquor. In one of the door pockets of the automobile was a bottle containing about a pint of whisky. Thereupon they seized the automobile and the box of liquor. While the automobile was being driven around the city by the officers, they found in it some 90 bottles more of whisky, which, on the evidence before me, had been there at the time when it was seized and had been overlooked. The officers retained the automobile and the liquor.

This happened on December 6, 1920. From that day to this no proceeding has ever been instituted for the forfeiture of the liquor so seized, nor does it appear that any formal notice of the seizure was ever given to the plaintiff.

In the Six Carpenters Case, 8 Co. 146, it is said:

"When an entry authority, on license, is given to any one by the law, and he doth abuse it, he shall be a trespasser ab initio."

In Kent v. Willey, 11 Gray (Mass.) 368, a horse and wagon which was employed in the illegal transportation of intoxicating liquors was seized by an officer without a warrant. The officer failed within a reasonable time to procure any warrant or to institute any proceedings for forfeiture of property seized. It was held that he could not defend the seizure and was liable as a trespasser ab initio. It was said that the seizure of property by an officer, without adopting any legal means to enforce the forfeiture provided by statute, "is contrary to elementary principles." Bigelow, J.

In Russell v. Hanscomb, 15 Gray (Mass.) 166, a fish warden seized a seine which was being illegally used, but instituted no proceedings to forfeit it. There was apparently no direction in the statute that forfeiture proceedings should be instituted by the officer, but there was a statutory provision under which they could be brought. In an action against the officer to recover the value of the seine, it was held that he was a trespasser ab initio, and judgment was given for the plaintiff.

"Without such judicial proceeding, an owner might be stripped of his property, by an officer of the law and under color of the law, without judgment and without a hearing." Shaw, C. J.

The principle underlying these decisions is stated by Mr. Justice Hoar:

"That an officer or other person acting by authority of law shall not be allowed to avail himself of it as an instrument of oppression. As a citizen is bound to submit to it without resistance, and has no opportunity to make provisions or stipulations for his own security, the exercise of the legal power is made conditional upon pursuing it wholly within legal limits. The abuse is held to be a forfeiture of the whole protection which the law gives to the act which it allowed." Esty v. Wilmot, 15 Gray (Mass.) 168, 169.

If officers can gain entrance to a private building by virtue of their authority, and there seize and carry away property without notice to

the owner and without his assent, and if, having done so, they can retain the property for nearly two years without instituting any proceeding for its forfeiture, the Fourth and Fifth Amendments to the United States Constitution amount to very little as far as the protection of personal property goes. Under the recent decisions of the Supreme Court, the government will not be allowed to gain an advantage over an individual by an unconstitutional abuse of power. Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

Godat's acquisition of the liquor and his possession of it at his garage were unlawful under the National Prohibition Act (41 Stat. 305). But these facts seem to me immaterial, and I may add relatively insignificant, as compared to the violation of his constitutional rights. He should be put in statu quo, as was ordered in the Amos Case, supra, where the liquor was "moonshine" which had been illegally seized, and was contraband under the internal revenue statutes. See, too, Youman v. Comm.,189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303 (1920), where the same result was reached in an elaborate opinion; People v. Marxhausen, 204 Mich. 559, 171 N. W. 557, 3 A. L. R. 1505; Faulk v. State, 127 Miss. 894, 90 South. 481 (1922).

An order may be entered, directing the return of seized liquor.