### LIPSCHUTZ v. DAVIS, Supervising Prohibition Agent.

(District Court, E. D. Pennsylvania. December 19, 1922.)

No. 9836.

1. **Searches and seizures ⇐⇒3—Search warrant should specifically describe books and papers.**

It is more important, in affording the individual the constitutional protection from being a witness against himself, to require a specific description in a search warrant of books, records, and papers, which are usually of value only to the owner, and cannot be replaced, than of tangible property of intrinsic value.

2. **Intoxicating liquors ⇐⇒248—Affidavit for search warrant held insufficient to show probable cause.**

An affidavit *held* insufficient to show probable cause as basis for a search warrant, under National Prohibition Act, tit. 2, § 25, in. that it stated the conclusions of affiant rather than facts.

Petition of I. L. Lipschutz against one Davis, Supervising Prohibition Agent, to quash search warrant and for return of property seized. Petition granted.

See, also, Lipschutz v. Quigley (D. C.) 287 Fed. 395.

THOMPSON, District Judge. Under a search warrant issued by a United States commissioner, the premises of the petitioner at 226 South street, Philadelphia, were searched and a large quantity of liquors, wines and cordials, papers letters, and documents were seized. The main contentions in support of the petition are that the search warrant does not particularly describe the things to be seized, and that the affidavit does not set forth facts tending to establish probable cause for believing that proper grounds for the issuance of the search warrant existed. The search warrant purported to be issued under the authority of title 2, § 25, of the National Prohibition Act (41 Stat. 305), authorizing search warrants to be issued under the Espionage

Act of June 15, 1917. The description of the things to be seized is as follows:

"Gin, wine, cordials, whisky, brandies, and other intoxicating liquors as defined in the National Prohibition Act, books, records, papers, documents, and other papers, goods, wares, merchandise, and objects used by the said I. L. Lipschutz in and about the whole-sale liquor business conducted by him on the aforesaid premises."

[1] If, under section 5 of title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼e), sufficient facts are set out to establish ground for probable cause under the Fourth Amendment to the Constitution, the generic description of the intoxicating liquors, namely gin, wine, cordials, whisky, brandies, is, I think, sufficient, without placing upon the government officers the probably impossible burden of describing the quantity, the nature of the packages, and the brands of the liquors to be seized. It is apparent, however, that there is not sufficient particularity in the description of the documentary subjects of seizure. In enforcing the constitutional inviolability of the individual's property and goods from seizure, it is obviously more important, in protecting him from being a witness against himself, to require a specific description of books, records, and papers, which are usually of value only to the owner and cannot be replaced than in the case of tangible property of intrinsic value.

The only description of the books to be seized is that they are alleged to be "used by the said I. L. Lipschutz in and about the wholesale liquor business conducted by him on the aforesaid premises." This is no description at all, but leaves the determination of what is to be seized entirely to the judgment and discretion of the seizing officer to be exercised after the entry upon the premises and while the seizure is being made. Such language cannot be construed as "particularly describing" the things to be seized, and is not helped by the reference in the statement of facts tending to establish probable cause to the use of false and fictitious government permits. The fact that the return shows a large number of permits seized does not help the case, for the legality of the seizure must be based upon the affidavit and search warrant, and, if they do not conform to the constitutional and statutory requirements, the seizure is void.

[2] The portion of the affidavit bearing on the existence of probable cause is as follows:

"And that the facts tending to establish probable cause for believing that the foregoing grounds for the application exist are as follows: The above deponent avers that the said liquors above described were and are being unlawfully diverted and sold in violation of the National Prohibition Act, by reason of the said I. L. Lipschutz using in connection therewith false and fictitious government permits, being known as Form 1410-A; that the said I. L. Lipschutz was and is illegally selling and diverting the said liquors to persons not authorized under the National Prohibition Act to receive same, to wit, the said I. L. Lipschutz did on or about February 20, 1922, illegally sell and deliver to one Thomas J. Stanton at Philadelphia aforesaid intoxicating liquors from and out of the above described premises and contrary to the National Prohibition Act; and that the said I. L. Lipschutz has failed to keep proper records of the liquors above described in compliance with the government regulations, and also failed in making proper returns to the office of the Director of Prohibition for the state of Pennsylvania of government forms

numbered 1410–A (director's copies) in connection with sales of intoxicating liquor from and out of the above described premises. Deponent also states that he believes that the above described liquors and papers are still illegally in the possession of the said I. L. Lipschutz."

The first averment is that the liquors were and are being unlawfully diverted and sold in violation of the National Prohibition Act, by reason of Lipschutz using in connection therewith false and fictitious government permits being known as Form 1410–A. That the diversion and sale was in violation of the National Prohibition Act is a legal conclusion, and the reason stated for the conclusion, viz. that Lipschutz was using "in connection therewith" false and fictitious government permits, is also based upon another conclusion of the affiant. There is no statement here of any facts upon which the connection of the sales with false and fictitious permits is shown. It is not stated that Lipschutz was selling under false or fictitious permits or that the persons to whom he sold held and produced such permits.

The next averment is that he was and is illegally selling and diverting liquors to persons not authorized under the National Prohibition Act to receive the same. Here again there is no statement of fact, but merely the conclusion of the affiant of the want of authority under the Prohibition Act to receive liquors of the persons to whom he is alleged to have been selling.

Next there is the statement of a sale upon a specific date to one Thomas J. Stanton. Again, there is nothing but the conclusion and opinion of the affiant that the sale was illegal, without the statement of any facts from which the conclusion of illegality can be drawn. Then follows the statement that Lipschutz has failed to keep proper records of the liquor above described, in compliance with the government regulations. This is not an averment that he failed to keep any records, but there is an inference that, in the opinion of the affiant, the records kept were not proper or in compliance with the government's regulations.

There is then an averment of failure in making proper returns to the office of the Director of Prohibition in connection with the sales of liquor, which is subject to the same criticism that the facts upon which the question as to whether the returns were proper or not is to be determined are not set out. This affidavit has been examined with a great deal of care in searching for some basis upon which it can be sustained. It is important that lawful search warrants be sustained, and if the defects were merely technical, the one before me would be sustained. The objections are more than technical, however, and I have been unable to find any substance in the way of statement of fact tending to establish probable cause.

The principles governing the procedure upon search warrants have been so strictly adhered to and plainly laid down by the decisions of the courts that it is unexplainable why rules, which may be so plainly seen and easily followed, should be so often ignored, leading, as in the case of United States v. Donnelly et al., 288 Fed. 982, in which an opinion has just been filed, to the failure of the entire proceedings.

By reason of the illegality of the search warrant because of the insufficiency of the affidavit in establishing probable cause, it is ordered that it be quashed, and the property seized returned to the petitioner.