## ATLANTIC FOOD PRODUCTS CORPORATION et al. v. McCLURE et al.

## UNITED STATES v. DONNELLY et al.

(District Court, E. D. Pennsylvania. December 19, 1922.)

Nos. 2631 and 196.

1. **Intoxicating liquors ☞248—Affidavit must state facts showing probable cause.**
    Under Const. Amend. 4, and Espionage Act June 15, 1917, tit. 11. §§ 3–5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c–10496¼e), under which search warrants under National Prohibition Act must be issued, and which provide no search warrant shall be issued, but on probable cause, the affidavit for the issuance of search warrants must set forth the facts tending to establish the grounds of the application and probable cause for believing that they exist.

2. **Intoxicating liquors ☞248—Statement property was designed and used for violation of Prohibition Act is only conclusion.**
    A statement in an affidavit for a search warrant that property purchased by a prohibition agent was designed and intended for use in the unlawful manufacture of intoxicating liquor, and was possessed and used in violation of the National Prohibition Act, was a statement of a conclusion of the officer making the affidavit and not of a fact.

3. **Intoxicating liquors ☞248—Affidavit held insufficient to state facts showing probable cause.**
    An affidavit that a prohibition agent purchased on the premises two cans of malt extract, a still, some copper coil, and a bottle of whisky flavor, without a statement of other facts showing a criminal intent, is insufficient to show probable cause that the National Prohibition Act was being violated on the premises.

4. **Searches and seizures ☞7—Constitutional restrictions must be enforced in favor of guilty as well as of innocent.**
    The constitutional rights of the individual under the Fourth Amendment, restricting searches and seizures, must be equally enforced in favor of the guilty and the innocent.

Suits between the Atlantic Food Products Corporation and others and William McClure and others, as Prohibition Agents, and between the United States and Thomas E. Donnelly and others. On petition to quash search warrants and for orders for return of property. Petitions granted.

John R. K. Scott, of Philadelphia, Pa., and Johnson, Donnelly & Lynch, of Cedar Rapids, Iowa, for plaintiffs Atlantic Food Products Corporation and others.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George W. Coles, U. S. Dist. Atty., of Philadelphia, Pa., for the United States and defendants McClure and others.

John R. K. Scott, of Philadelphia, Pa., for defendants Donnelly and others.

THOMPSON, District Judge.    Upon search warrants issued by a United States commissioner, prohibition officers searched premises which were the places of business of the petitioners at three different localities in the city of Philadelphia and seized various property consisting of stills, copper cans, filters, gauges, funnels, copper coils, and other property set out in the return.    The petitioners pray that the search warrants may be quashed and the property returned, because it is alleged that the affidavits upon which the search warrants were based failed to set forth the facts tending to establish the grounds of the application and probable cause for believing they exist, and failed to particularly describe the property to be seized.

The affidavit for the search of premises at 127 North Thirteenth street sets out that on the premises—

"there is now concealed the following property, to wit: Utensils, contrivances, machines, preparations, compounds, tablets, and substances designed and intended for use in the unlawful manufacture of intoxicating liquor, and was and is possessed and used in violation of the National Prohibition Act of October 28, 1919 [41 Stat. 305], and that the facts tending to establish probable cause for believing that the foregoing grounds for the application exist are as follows: On January 13, 1922, at about 4:30 p. m., Agent Hubert purchased two cans of malt extract sold to be used in making whisky at 85 cents a can, a total of $1.70, one five-gallon still at $5.75, twelve feet of copper coil at $1.20, and a small bottle of whisky flavor at 75 cents, contrary to the form of the act of Congress in such cases made and provided, and against the peace and dignity of the United States of America."

The affidavits upon which the other search warrants were based are substantially similar to the above, except that they do not contain an averment of the use for which any of the articles were purchased or sold as in the case of the malt extract mentioned in the above affidavit.

[1, 2] The Fourth Amendment to the Constitution provides that no warrant shall be issued but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.    Search warrants under the Prohibition Act must be issued under the provisions of the Act of June 15, 1917, known as the Espionage Act.    Section 3 of title 11 of that act (Comp. St. 1918, Comp. St. Ann. Sup. 1919, § 10496¼c) provides that no search warrant may be issued but upon probable cause supported by affidavit.    Section 4 (section 10496¼d) requires the judge or commissioner, before issuing the warrant, to require affidavits or depositions under oath.    Section 5 (section 10496¼e) provides "the affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."    The affidavit upon which the search warrant was issued in the North Thirteenth street case sets out the statement of affiant that the property was designed and intended for use in the unlawful manufacture of intoxicating liquor and was and is possessed

and used in violation of the National Prohibition Act. That is merely a statement of the conclusion of the officer making the affidavit.

[3] The facts stated are that the officer purchased, inter alia, two cans of malt extract sold to be used in making whisky. There is no fact averred from which it may be inferred that that was the purpose of the seller, and no facts are averred from which the conclusion may be drawn. All that we have, therefore, in the way of averment of fact, is that there was a purchase of two cans of malt extract, one five-gallon still, twelve feet of copper coil, and a small bottle of whisky flavor. The most that can be said of this group of facts is that the four articles purchased might be used in the unlawful manufacture of intoxicating liquor; but, without more, that is a mere guess. The mere fact of having bought at the same place the four articles mentioned is not a sufficient statement of facts, without facts averred to show criminal intent, to base thereon a conclusion of probable cause for believing that grounds for the issuing of the search warrant exist.

[4] In many prosecutions under the Prohibition Act, evidence cannot be obtained except upon a search warrant. The legality of the search warrant, therefore, becomes the very foundation upon which the successful prosecution of a guilty defendant depends. The constitutional rights of the individual under the Fourth Amendment must be equally enforced in favor of the guilty and the innocent. Unless, therefore, sufficient facts are shown under oath to support the finding of probable cause, the right of a person to be secure from unreasonable searches and seizures must not be violated.

If probable cause is not supported by the facts set out, the search warrant falls, and with it, in all probability, the whole structure of proceedings intended to be based upon the evidence thus secured. If this were thoroughly understood, there would be less opportunity for the guilty to escape prosecution and punishment, and for the innocent to be oppressed and humiliated by unauthorized searches, and the many instances in which the courts have been compelled to quash such insufficient search warrant have afforded ample opportunity for acquiring such understanding. It is important that the guilty be prosecuted and punished, for the law must be obeyed; but it must also be obeyed in protecting the individual through preventing encroachment of government officials upon his constitutional rights.

The affidavits in the instant cases are held to be lacking in facts sufficient to establish probable cause, and orders may be entered in accordance with the prayers of the respective petitions, quashing in each case the search warrant and ordering a return of the property to the petitioners.