## UNITED STATES v. A QUANTITY OF INTOXICATING LIQUORS.

(District Court, D. Massachusetts.    March 31, 1923.)

No. 2234.

1. **Intoxicating liquors ⬦⟹246—Government acquires no right in liquor unlawfully seized from private dwelling.**

   Liquor unlawfully seized by prohibition agents from a private dwelling must be returned on application therefor.

2. **Intoxicating liquors ⬦⟹250—Claimant from whom liquor is unlawfully seized not required to prove lawfulness of possession; "action concerning the same."**

   A proceeding for forfeiture of liquor unlawfully seized from a private dwelling is not an "action concerning the same," within the meaning of Prohibition Act, tit. 2, § 33, and the claimant from whom it was seized is not required to prove the lawfulness of his possession, to be entitled to its return.

3. **Intoxicating liquors ⬦⟹250—Unreasonable delay in proceeding for forfeiture of liquor seized entitles owner to its return.**

   Owner of liquor seized by prohibition agents is entitled to its return, where proceeding for forfeiture was not instituted until 21 months thereafter.

4. **Intoxicating liquors ⬦⟹251—Title to liquor unlawfully seized not in issue in forfeiture proceedings.**

   The title to liquor unlawfully seized is not in issue in proceedings for its forfeiture, and will not be determined as between adverse claimants.

Proceeding by the United States against a quantity of intoxicating liquor, liquors ordered returned to claimants.

Thomas C. Maher, of Holyoke, Mass., for claimant estate of Peter Fortier.

Julius Nelson and Samuel L. Silverman, both of Boston, Mass., for claimant Borenstein.

Henry E. Woodward, of New Bedford, Mass., for V. F. Robert.

John W. Black, Jr., of Gloucester, Mass., for R. L. Agazziz.

Leo A. Rogers, of Boston, Mass., for David Green.

PETERS, District Judge.    This is a libel brought by the United States, seeking the forfeiture and condemnation of a quantity of intoxicating liquors seized by federal prohibition agents during 1920 and the early part of 1921, from some 35 different persons and places, it being alleged that the liquors were possessed or used or intended for use in violation of the National Prohibition Act (41 Stat. 305).

The libel was filed June 23, 1922, and notice ordered returnable October 2d, whereupon, before that date, various persons, 8 in number, appeared by counsel and filed their claims, or what amounted to such, by alleging unwarranted interference with their constitutional rights, asking that the liquors be returned to the persons from or places whence they had been taken, on the ground that the seizure in each case was illegal and the proceedings irregular.    Thereafter a decree was entered by Judge Morton, condemning and forfeiting all the liquors and the containers described in the libel, and which had been taken possession of by the marshal under order of the court is-

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sued on the libel, except those in the 8 cases where claimants had come in. It appears that all other persons had been previously defaulted.

After the decree of Judge Morton had been entered, the Bay State Wholesale Drug Company, not named in the libel as an interested party, interjected itself into the proceedings by filing, on October 25th, a claim to 4 items of liquor, being the same also claimed by 4 of the persons excepted from Judge Morton's decree, alleging that it was the prior owner of the same; that it had been induced by fraudulent and false representations to intrust the liquor to certain individuals for the ostensible purpose of selling in New York to a holder of a permit; that these individuals embezzled the liquor and sold it to these 4 other claimants. The Bay State people allege that the liquor, thus stolen, as they describe it, after being sold to these other claimants, was illegally seized while in the possession of the vendees, that the Bay State Company has been deprived of its property without due process of law, and asks that this particular liquor, so seized by the prohibition officers, be ordered returned to it.

The status of the Bay State Company, as party to these proceedings, is challenged by some of the other claimants; but from the view I take of the case this becomes immaterial.

At the hearing on this matter various clamants were represented, including the Bay State Wholesale Drug Company, above referred to, and it was deemed advisable to have statements of the position of the various parties and offers of proof made and entered in the record, without taking out any testimony, as it was considered that the questions of law raised might be decided and all matters finally disposed of without the necessity of a long hearing to establish facts which might be immaterial.

In the matter of the liquor seized from four different individuals, all of which is claimed by them and also by the Drug Company, it appears that the seizures were all made on September 11, 1920, by federal prohibition officers, they having entered the private residences from which the liquor was taken without search warrants, falsely representing themselves to be deputy internal revenue collectors. Naturally it is not claimed by the government that these seizures were lawful, but it is earnestly contended that the liquor cannot be returned to the claimants unless they offer testimony to establish title to the same and show that they were lawfully in possession.

It is urged that all intoxicating liquor is prima facie contraband, and that when seized, even unlawfully, in a private dwelling, the burden of proof is on the claimant to show rightful possession. No proof of any kind was offered in behalf of the 4 claimants referred to, from whose possession the liquor was taken.

The question is, then, whether intoxicating liquor, illegally taken from private dwellings, in September, 1920, by national prohibition officers, libeled in June, 1922, ordered by the court into the possession of the marshal, and claimed by the persons from whom taken, should be ordered returned to the claimants, without evidence as to the legality of their possession thus unlawfully disturbed.

[1] The attorney for the government urges that the national pro-

hibition statute makes liquor contraband, and puts it in the same category as gambling implements, smuggled goods, counterfeit money, etc., and cites Giles v. U. S. (C. C. A.) 284 Fed. 208. But all liquor is not contraband; liquor illegally possessed is contraband. Judge Anderson, in the Giles Case, says:

"The main purpose of this section '[section 25 of Prohibition Act] is to put intoxicating liquor, *illegally possessed*, and property designed for unlawful manufacture thereof, into the same category as gambling implements, counterfeit money, obscene literature and other forms of outlawed articles."

The claims of householders from whom the liquor was taken cannot be brushed aside on the mere suggestion that the goods were contraband, because they may not be. There is a clear distinction between articles necessarily contraband, the mere possession of which is unlawful, like tools for making counterfeit money, and articles which are not necessarily so.

Liquor, taken from a dwelling, is not necessarily contraband. Its possession may be entirely lawful under section 33.

[2] But, the government argues, in such a case, the burden of proof is upon the claimant to show that the liquor was not contraband, that it was lawfully in his possession, before he can have it restored.

Such a burden would be on the possessor, if the statute puts it there. The statute says:

"But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

The law thus makes it possible for a householder to have liquor lawfully in possession, saying, however, that, "in any action concerning the same" the burden shall be on him to prove the circumstances under which possession would be lawful.

This is not an "action concerning the same" (liquors) within the meaning of the statute.

This is a libel without a foundation, being based on seizure without justification. The pleadings filed by the claimants are interpositions in the nature of defenses, calling attention to, violations of their rights as citizens, by national prohibition officers grossly abusing their authority.

The words of the statute refer to a regularly instituted suit to try the title to or the right of possession of the liquors. U. S. v. Cleveland (D. C.) 281 Fed. 249; U. S. v. Descy (D. C.) 284 Fed. 724.

This proceeding is in no way adapted to try the title to the liquors. It is a proceeding in rem, looking toward their forfeiture, or otherwise.

The possession of liquors in a private residence is as consistent with innocence as with guilt under the statute. To hold that officers may invade such residence, illegally seize liquors, and compel the householder to assume the burden of proving his possession not unlawful before redress can be given for the abuse of process, is not consistent with our ideas of the constitutional rights of a citizen, nor is there authority for such a proposition.

In Connelly v. U. S. (D. C.) 275 Fed. 509, the court says:

"The government cannot call upon the accused to explain the possession [of the liquor] under the provisions of section 33 of the Volstead Act under the circumstances of this case, and, as the possession may be upon an hypothesis just as consistent with innocence as it would be with guilt, a forfeiture should not result. The property unlawfully taken from the possession of the petitioner without a search warrant must be restored."

In U. S. v. Descy (D. C.) 284 Fed. 724, above referred to, Judge Brown, in a similar case, says:

"To require of a defendant who appeals to the court to protect him against an unlawful invasion of his dwelling house, and an unlawful seizure by officers acting in direct violation of the provisions of the National Prohibition Act in respect to search warrants, that he assume the burden of proving that his possession is not unlawful, is very near to creating a presumption of guilt from proof of circumstances which are entirely consistent with innocence."

If the position of the government is understood, it does not contend that the liquor can be condemned or forfeited, now that it is made to appear that it was illegally seized by the officers, but simply resists the claim that it should be returned.

The jurisdiction of the court to condemn depends upon the statute. The res in this case not being properly before the court, and that fact being brought to the attention of the court, it can proceed no farther; but it can and should remedy the wrong done, so far as possible, by restoring the status quo ante, and this regardless as to whether or not the articles unlawfully seized were to be in evidence against the person from whom taken.

[3] Although not emphasized in the briefs filed in this case, it is apparent that the principle recently elucidated by Judge Morton in Keefe v. Clark (D. C.) 287 Fed. 372 (opinion March 5, 1923), would be quite decisive in this matter. Where liquor is seized and kept an unreasonable length of time, without further proceedings, either by way of libel or criminal prosecution, the possession of the property by the government becomes unjustifiable, and it should be returned. See cases cited by Judge Morton in his opinion.

The liquor, in the cases being discussed, was seized September 11, 1920, and no steps were taken to complete the process and forfeit the liquor until June 23, 1922, certainly an unreasonable time, especially as there have been no criminal prosecutions by reason of the seizures.

[4] The claim of the Bay State Wholesale Drug Company that its title to the liquor is paramount, and that delivery should be ordered made to that company, instead of to the persons from whom the liquor was taken, has already been passed upon inferentially from the above.

This is not an appropriate proceeding by which to try the title to property. A return of the liquor to the claimants from whom taken will leave the drug company to its remedy, undisturbed by the illegal seizure. The court has no power to do anything else under the circumstances.

It follows that the liquors taken from the residences of the claimants Whitman, Allan, Post, and Agassiz, respectively, should be returned.

In the cases of the other claimants, Borenstein, Robert, Shea, and Green, the liquor does not appear to have been taken from private residences. No briefs have been filed, and the attitude of these claimants is not apparent. It is possible that evidence might show that the officers had a right to seize the liquor in some of these cases without a warrant. Even then, however, proper proceedings do not appear to have been taken within a reasonable time to preserve the integrity of the original action, and unless some further reason is presented, which would make such an action improper, under this opinion these liquors also will be returned; but the matter will be held open as to them for a reasonable time, in case anything further is to be presented.