## UNITED STATES v. VIGNEAUX.

(District Court D. Massachusetts. April 6, 1923.)

No. 3500.

Intoxicating liquors ⟨⟩255—Petitioner for return of liquor unlawfully seized not required to prove his lawful possession.

One from whose private dwelling liquor was seized and taken under an illegal search warrant is entitled to return of the same, and he is not required, under National Prohibition Act, tit. 2, §§ 25, 33, to assume the burden of proving that his possession of the liquor was lawful.

Criminal prosecution by the United States against T. Fred Vigneaux. On motion by defendant for return of liquors. Granted.

J. White, Jr., of Boston, Mass., for the United States.

Brooks, Kirby, Keedy & Brooks, of Springfield, Mass., for defendant.

BREWSTER, District Judge. The defendant in this case, having been indicted for the illegal possession of intoxicating liquors, filed a motion to exclude at his trial evidence secured on a search warrant. The warrant was held to be bad and the search and seizure unauthorized. The evidence therefore was excluded, and, there being no other evidence to support the charges, a verdict of not guilty was returned by order of the court.

The premises searched was a dwelling house, used as such by the defendant, and the officer making the search seized a quantity of liquor found on the premises. The defendant now moves in these proceedings for a return of the liquor, without alleging or offering to show that he was lawfully in possession of it at the time of the seizure. No forfeiture proceedings have been instituted by the government respecting this liquor. Counsel for the defendant submits a number of cases which fully support the proposition that, when the seizure is unlawful and unconstitutional, the thing seized must be returned. Some of these cases deal with property other than contraband liquor, such as books and papers, and some arose before the enactment of the National Prohibition Act (41 Stat. 305). United States v. Friedberg (D. C.) 233 Fed. 313; Tri-State Coal & Coke Co. (D. C.) 253 Fed. 605; In re Marx (D. C.) 255 Fed. 344; United States v. Marquette (D. C.) 271 Fed. 120.

A number of the cases cited, however, deal with the rights of a defendant to a return of the liquor seized upon an invalid search warrant. Most of these cases have arisen since the passage of the so-called "Volstead Act," but the court in each case in the opinion discussed the question of whether or not the search or seizure was lawful, and, having determined that the seizure was unlawful, the court as a matter of course has ordered a return of the liquor. United States v. Armstrong (D. C.) 275 Fed. 506; United States v. Mitchell (D. C.) 274 Fed. 128; United States v. Ray & Schultz (D. C.) 275 Fed. 1004; United States v. Boasberg (D. C.) 283 Fed. 311; Lipshitz

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

288 F.—62

v. Davis, Dist. Court Pa., Dec. 1922; United States v. Harnic, Dist. Court Conn., Dec. 2, 1922.

Notwithstanding this state of the law, the United States attorney has earnestly urged this court to deny the motion of the defendant, on the ground that certain provisions of the National Prohibition Act require the defendant to show affirmatively that he lawfully acquired and was lawfully in possession of the liquor at the time of the seizure.

The provisions relied upon are as follows:

(1) "It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property." Act Oct. 28, 1919, tit. 2, § 25.

(2) "After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used." Section 33.

In United States v. Kelih (D. C.) 272 Fed. 484, the court discusses the right of a defendant to a return of liquor illegally seized since the enactment of the Volstead Act. At page 490 the court says:

"It is further contended, because the Volstead Act provides that there shall be no property rights in illicit liquors, or apparatus for their manufacture, that therefore the property in question does not come within the Fourth and Fifth Amendments. The reason for a return of property in all cases of this character is not based upon property rights so much as the personal security afforded by the Fifth Amendment, which relieves a man from being compelled to be a witness against himself in a criminal case. To permit the government in this case to retain possession of the property described in the motion, and use it in a trial of the case before the jury, would be in legal effect to require this defendant to be a witness against himself in a criminal case, which is clearly prohibited by the Constitution."

In the instant case the defendant cannot be prejudiced by the use of the seized property in a trial of his case before a jury because he has already been acquitted, but the use of it in any forfeiture proceedings would be equally repugnant to the Constitution. Boyd v. United States, 116 U. S. 630, 6 Sup. Ct. 524, 29 L. Ed. 746; United States v. Slusser (D. C.) 270 Fed. 818.

It has recently been held by a District Court within this circuit that the provisions of section 33 above quoted, relating to the burden of proof, does not apply to a petition for a return of liquor unlawfully seized and taken from the dwelling place of the petitioner. United States v. Descy (D. C.) 284 Fed. 724. In this case Judge Brown says:

"To require of a defendant who appeals to the court to protect him against an unlawful invasion of his dwelling house, and an unlawful seizure by

officers acting in direct violation of the provisions of the National Prohibition Act in respect to search warrants, that he assume the burden of proving that his possession is not unlawful, is very near to creating a presumption of guilt from proof of circumstances which are entirely consistent with innocence: To apply to a defensive proceeding of this character the rule concerning the burden of proof contained in section 33, in substance removes the presumption of innocence and imposes upon the defendant the burden of proving his own innocence in a proceeding which is incidental to a criminal complaint in which the burden of proof of guilt rests upon the United States."

And again:

"We cannot believe that it was the intent of Congress to require a man to prove his innocence of a pending charge of crime in order to protect himself and his home from an unconstitutional invasion. The words of section 33, 'in any action concerning the same,' are inappropriate to a defensive application of this character."

It would seem to be well settled, both under the Espionage Act and the common law, that property illegally seized must be returned to the party from whom it is taken. Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654; Francis Drug Co. v. Potter (D. C.) 275 Fed. 615; Giles v. United States (C. C. A.) 284 Fed. 208. And I would be running counter to the great weight of authority if I were to hold that the provisions of sections 25 and 33 of the National Prohibition Act, above quoted, operated to overturn this rule. The rule has been conceived and applied out of a respect for the constitutional privileges of the individual to be secure from unreasonable and unlawful searches and seizure, and I am far from satisfied that the National Prohibition Act should be so construed as to impair these rights. I am aware that there are numerous cases decided in state courts which conflict with the conclusions herein reached, but this court is governed by the law as laid down by the United States Supreme Court, and is bound to respect the provisions of the Fourth and Fifth Amendments to the Constitution of the United States.

The motion of the defendant for a return of the liquor is allowed, and an order may be entered, directing the proper parties to return to the defendant the liquor unlawfully seized on the search warrant.