### GERAGHTY v. POTTER.

(District Court, D. Massachusetts. March 9, 1925.)

No. 2899.

1. **Intoxicating liquors ⟫256 — Liquor taken from near-beer saloon under illegal warrant returnable, notwithstanding termination of criminal proceedings against proprietor.**

Despite National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), intoxicating liquors seized in near-beer saloon under an illegal search warrant will be returned to proprietor, though criminal proceedings against him have been terminated, where the only evidence that the liquor was contraband when seized, and will be, if returned, unlawfully possessed, under title 2, §§ 3, 25 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½m), is that illegally obtained in violation of Const. Amend. 4.

2. **Constitutional law ⟫48 — Statutes ought not to be given unconstitutional construction or application.**

A statute ought not to given an unconstitutional construction or application.

Petition by James Geraghty against Elmer C. Potter to recover possession of liquor. Petition granted.

David H. Keedy and Brooks, Kirby, Keedy & Brooks, all of Springfield, Mass., for plaintiff.

Harold P. Williams, U. S. Atty., Elihu D. Stone, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge. This is a petition brought by James Geraghty, at one time owner and proprietor of a near-beer saloon in Holyoke, Mass., to recover posses-

sion of a quantity of liquor taken from his saloon by federal prohibition agents, who acted under a search warrant which was subsequently declared illegal.

Geraghty was indicted for the illegal possession of this liquor. Before trial the search warrant was quashed and the indictment was nol prossed. Thereafter these proceedings were instituted.

Petitioner's counsel cites a long array of cases in support of the general proposition that property unlawfully seized by federal authority should be returned.

The leading cases in the United States Supreme Court are Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654.

In this circuit the right to a return has been recognized in Giles v. United States (C. C. A.) 284 F. 208; Francis Drug Co. v. Potter (D. C.) 275 F. 615; Godat v. McCarthy (D. C.) 283 F. 689; Keefe v. Clark (D. C.) 287 F. 372; United States v. Vigneaux (D. C.) 288 F. 977; Margie v. Potter (D. C.) 291 F. 285; United States v. Descy (D. C.) 284 F. 724; United States v. Madden (D. C.) 297 F. 679; United States v. Intoxicating Liquors (D. C. N. H.) 290 F. 824; United States v. Intoxicating Liquors (D. C. Mass.) 289 F. 278. Numerous decisions in other jurisdictions are cited to the same effect.

Notwithstanding this somewhat imposing array of authorities, the government has argued, and with considerable force, that the petition should not be granted. I have, therefore, deemed it advisable to review somewhat at length the pertinent cases and to consider the issues involved as though the questions were still open in this jurisdiction.

It should be noted at the outset that we are not now dealing with a case where property was taken from a dwelling house. This fact clearly distinguishes the case at bar from cases like United States v. Vigneaux, supra, and United States v. Descy, supra. Section 33 of the act expressly declares that it shall not be unlawful to possess liquor in one's private dwelling, and to throw the burden of proving that such possession is lawful comes near depriving the possessor of his presumption of innocence, but possession elsewhere is, under the act, deemed to be prima facie unlawful. The issue here presented is whether intoxicating liquor, taken from a place other than a dwelling house, should be returned.

In cases where, as in Weeks v. United

States, supra, and United States v. Madden, supra, a motion for a return was presented before trial, the return may well be ordered upon the theory that such course was necessary to prevent improper use of the property in evidence. The petitioner here cannot ask for a return on any such grounds. The criminal proceedings against him have been fully terminated, and a return of the liquor is not necessary to prevent an unlawful use of it as evidence.

In the cases of Francis Drug Co. v. Potter, supra, Godat v. McCarthy, supra, Keefe v. Clark, supra, and Margie v. Potter, supra, the question of improper use of property as evidence was not presented; but with the possible exception of Godat v. McCarthy, supra, these cases are not decisive.

In Francis Drug Co. v. Potter, supra, Judge Morton expressly found that the possession by the drug company of the liquor was not unlawful. In Keefe v. Clark, supra, it appears that liquor was taken from a private storehouse, which constituted a part of Keefe's private dwelling. So, also, in United States v. Intoxicating Liquors, supra (Massachusetts case), the liquor was seized in private dwellings. In Margie v. Potter, supra, petitioner had lawfully acquired the champagne and had been acquitted of the crime of illegal transportation. In United States v. Intoxicating Liquors, supra (New Hampshire case), Judge Morris finds that the liquor brought by the claimant into New Hampshire from Canada was not, under the circumstances, contraband in the United States.

It is difficult to distinguish Godat v. McCarthy, supra, on the facts, and the language of Judge Morton in the opinion has a strong tendency to support the contention of the petitioner in the present case. Notwithstanding Godat v. McCarthy, supra, the government has seen fit to resist Geraghty's petition and has filed an elaborate brief in support of its contention that unless and until the petitioner can prove that he was lawfully in possession of the intoxicating liquors, unlawfully seized, he is not entitled to a return.

The government's line of argument, as I understand it, is that title 2, § 3, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa), makes it unlawful to possess intoxicating liquors except as authorized by the act, and that there is nothing in the act that authorized the proprietor of a near-beer saloon to possess such liquors; that title 2, § 25 (section 10138½m), of the act again provides that it shall be unlawful to possess

such liquor intended for use in violating the act, and that no property rights shall exist in such liquor; that title 2, § 33 (section 10138½t), provides that after February 1, 1920, the possession of liquor by any person not legally permitted under the act shall be prima facie evidence that such liquor is kept for the purpose of being sold or otherwise disposed of in violation of the provisions of the act, and that the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used; that this is a proceeding concerning such liquor; and that unless petitioner can allege and show affirmatively that he lawfully acquired, possessed, and used the liquor he is not entitled to maintain this petition. This line of argument is not altogether novel. It has been repudiated in this district, not only in Godat v. McCarthy, supra, but in United States v. Intoxicating Liquors, supra (Massachusetts case), and in United States v. Vigneaux, supra. In other jurisdictions it has failed to win approval. See New Jersey Wholesale Drug Co. v. Brown (D. C.) 289 F. 108; United States v. Kelih (D. C.) 272 F. 484.

On the other hand, the government has cited a number of cases from other jurisdictions where a return of the liquor has been denied and, after a careful consideration of these cases, I find only two that can be regarded as supporting the contention of the government.

In O'Connor v. United States (D. C.) 281 F. 396, and in Rose v. United States (C. C. A.) 274 F. 245, the seizures were held valid. In United States v. O'Dowd (D. C.) 273 F. 600, the seizure was by state officers and, moreover, the court found that application for redelivery had been delayed for an unreasonable time. In United States v. Alexander (D. C.) 278 F. 308, and in United States v. Dziadus (D. C.) 289 F. 837, the court seems to have refused a return as a matter of course without discussing the powers and duties of the court in the premises. But over against these cases can be set a number of cases where the courts have equally, as a matter of course, and without discussion, ordered a return of liquor. See United States v. Donnelly (D. C.) 288 F. 982; United States v. Harnich (D. C.) 289 F. 256; Lipschutz v. Davis (D. C.) 288 F. 974; United States v. Boasberg (D. C.) 283 F. 305; United States v. Ray & Schultz (D. C.) 275 F. 1004.

In United States v. Rykowski (D. C.) 267 F. 866, and in United States v. Kaplan (D.

C.) 286 F. 963, the court has refused to return the liquor notwithstanding the invalidity of the search and seizure, and in these cases the return has been denied upon a judicial determination that the liquor was contraband. It was said in United States v. Kaplan, supra, that—

"There is no law requiring or justifying the return of property to any one whose possession of it will constitute a crime, or whose use of it can be only for committing a crime."

This is a plausible and attractive statement, but I have difficulty in reconciling it with my views respecting other important fundamental rights.

In the case now before me it is true that on the facts, as we now know them, the liquor is liquor outlawed by the act, and that it was contraband when seized and will be, if returned, intoxicating liquors unlawfully possessed.

It seems to me, however, that the government's line of reasoning leads up to constitutional barriers which cannot lightly be set aside. How can it be judicially declared that the liquor is outlawed without taking advantage of evidence obtained in violation of constitutional rights? Although section 33 creates a presumption that liquor in a place other than a dwelling house is unlawfully possessed, before a forfeiture could be worked it still would be necessary to show where the liquor was possessed; that it contained more than one-half of 1 per cent. by volume of alcohol; and that it was fit for beverage purposes. None of these facts could be established without resorting to testimony unlawfully obtained. See United States v. Slusser (D. C.) 270 F. 818; United States v. Mattingly, 285 F. 922, 52 App. D. C. 188. The government may not take advantage of its own wrong. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319.

It is pretty well settled by the authorities that evidence obtained in violation of the guaranties of the Fourth Amendment cannot be used in forfeiture proceedings. Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; United States v. Zucker, 161 U. S. 475, 16 S. Ct. 641, 40 L. Ed. 777; United States v. Intoxicating Liquors, supra (Massachusetts case); United States v. Vigneaux, supra.

Not only does it appear that evidence thus obtained cannot be used in forfeiture proceedings, but it also may be observed that an acquittal of a crime on information was a good plea in bar to a civil information for the forfeiture of goods arising upon the same acts. Coffey v. United States, 116 U. S. 436, 6 S. Ct. 432, 29 L. Ed. 681.

In Boyd v. United States, supra, the court said:

"As showing the close relation between the civil and criminal proceedings on the same statute in such cases, we may refer to the recent case of Coffey v. United States [116 U. S. 436, 443], in which we decided that an acquittal on a criminal information was a good plea in bar to a civil information for the forfeiture of goods, arising upon the same acts. As, therefore, suits for penalties and forfeitures incurred by the commission of offenses against the law, are of this quasi criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the Fourth Amendment of the Constitution, and of that portion of the Fifth Amendment which declares that no person shall be compelled in any criminal case to be a witness against himself."

The court, therefore, being without authority to order a disposition of the liquor without invading the constitutional rights of the person from whose possession it was unlawfully taken, the question comes down to this: Shall these constitutional rights be overridden in order to prevent an obvious violation of the Prohibition Act, or shall the government be required to do what it can to restore the situation existing at the time of the unlawful search and seizure regardless of consequences? The decisions in this district tend to support the latter view. In Godat v. McCarthy, supra, Judge Morton said:

"Godat's acquisition of the liquor and his possession of it at his garage were unlawful under the National Prohibition Act (41 Stat. 305). But these facts seem to me immaterial, and I may add relatively insignificant, as compared to the violation of his constitutional rights. He should be put in statu quo, as was ordered in the Amos Case, supra, where the liquor was 'moonshine' which had been illegally seized, and was contraband under the internal revenue statutes."

Judge Peters, in United States v. Intoxicating Liquors, supra (Massachusetts case), makes this observation:

"The jurisdiction of the court to condemn depends upon the statute. The res in this case not being properly before the court, and that fact being brought to the attention of the court, it can proceed no farther; but it can and should remedy the wrong done, so far as possible, by restoring the status quo

ante, and this regardless as to whether or not the articles unlawfully seized were to be in evidence against the person from whom taken."

[1] I find nothing in the decisions in this district which conflicts with, or tends to impair the force of, the statements of law as set forth above, and I feel constrained to follow and apply these principles in the pending case. I do this the more readily because I am satisfied in my own mind that the above quotations correctly state the applicable law and are based on sound reasoning. It is pointed out by the government that in Weeks v. United States, supra, and in many of the cases which have followed, the property returned was property which one might lawfully possess, and that Amos v. United States, supra, was decided before the enactment of the National Prohibition Act. Therefore, it is urged that these cases are distinguishable from the case at bar and should not be accepted as authorities on the issues here presented. The government cites United States v. Welsh (D. C.) 247 F. 239, where a letter which was the corpus delicti was retained by the government after seizure. But in urging this distinction the government apparently overlooks the fact that even under the National Prohibition Act all liquors are not outlawed. The provisions of that act do not place liquor in the same category with counterfeit money or burglars' tools, which under no circumstances could be lawfully possessed. Certain conditions must exist before liquor can be deemed to be contraband, and in the case of Amos v. United States, supra, those conditions appeared to exist just as clearly as they do in this case. To determine whether the liquor seized is or is not contraband requires a determination of a question of fact, and as this cannot be determined without infringing constitutional rights, the court would not be justified in declaring the liquor contraband. The court cannot proceed upon probabilities or inferences. As was stated by Mr. Justice Clarke in Street v. Lincoln Safe Deposit Co. et al., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548:

"An intention to confiscate private prop-

5 F.(2d)—24

erty, even in intoxicating liquors, will not be raised by inference and construction from provisions of law which have ample field for other operation in effecting a purpose clearly indicated and declared."

But it may be urged that this result does not give full effect to the last sentence of section 33, which provides that the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used.

[2] If, by virtue of this provision, the burden of proof rests upon the petitioner to show that he is lawfully in possession, the situation will be that the government has on hand a quantity of liquor over which it has no power of disposal. It is inconceivable that Congress contemplated any such a situation. If the provisions of section 33 apply to proceedings of this kind, which I very much doubt, and are in apparent conflict with the obvious duty of the court to respect rights guaranteed by the Constitution, it is clear that the provisions must give way in favor of the larger and more important considerations. A statute ought not to be given an unconstitutional construction or application. Moreover, it should always be kept in mind, as has been observed in this court and in other jurisdictions, that the court in proceedings of this kind is not called upon to determine title to or legal rights in the property unlawfully seized. United States v. Mattingly, supra; Margie v. Potter, supra; United States v. Intoxicating Liquors, supra (Massachusetts case).

As a result of much deliberation and a careful examination of the authorities, I have reached the conclusion that it is the duty of the government to return liquor in its possession as a result of an unlawful search and seizure made by representatives of the government, whether taken from a dwelling house or otherwise, in cases where the government has no evidence other than that secured by the unlawful search and seizure.

In view of this conclusion, the petitioner is entitled to a return of the liquor, and I so order.