## CASTRO v. UNITED STATES.

Circuit Court of Appeals, First Circuit. December 27, 1927.

No. 2016.

1. **Intoxicating liquors** ⬤⇒250—**Libel for forfeiture of intoxicating liquors should show that claimant's possession was unlawful and that seizure was lawfully made (National Prohibition Act, tit. 2, § 33 [27 USCA § 50]).**

To entitle government to judgment of forfeiture for liquors seized, libel should state facts showing that possession of liquor at time and place of seizure was unlawful, and not within National Prohibition Act, tit. 2, § 33 (27 USCA § 50), and libel should further show that the seizure was lawfully made.

**2. Intoxicating liquors ⬅250—Libel merely charging seizure of intoxicating liquors from claimant's premises and that information had been filed against him held insufficient to raise question of illegal possession (National Prohibition Act, tit. 2, § 33 [27 USCA § 50]).**

Libel reciting that federal prohibition administrator had possession of intoxicating liquors seized on claimant's premises, and that information had been filed charging him with possession of intoxicating liquors, *held* insufficient to raise question of unlawful possession of liquor seized, under National Prohibition Act, tit. 2, § 33 (27 USCA § 50).

**3. Intoxicating liquors ⬅250—Government's failure to allege essential grounds for forfeiture of intoxicating liquors in libel does not cast burden on claimant.**

Failure of government to allege essential grounds on which libel of forfeiture may be maintained in proceeding to forfeit liquor does *not cast burden on claimant* of disproving all or any essential facts omitted.

**4. Intoxicating liquors ⬅250—Government must make out prima facie case of forfeiture under sufficient libel before claimant is required to prove possession of liquor seized was lawful (National Prohibition Act, tit. 2, § 33 [27 USCA § 50]; Const. Amend. 5).**

Under libel which alleges facts essential to decree of forfeiture of intoxicating liquors, government has burden to make out prima facie case of forfeiture before claimant need prove possession of liquor was lawful, under National Prohibition Act, tit. 2, § 33 (27 USCA § 50), since contrary procedure would involve self-incrimination, in violation of Const. Amend. 5.

**5. Witnesses ⬅295—Constitutional privilege against self-incrimination applies to case of forfeiture (Const. Amend. 5).**

Fifth Amendment to Constitution, granting privilege against self-incrimination, applies to forfeiture case, as well as to criminal cases.

**6. Intoxicating liquors ⬅250—Possession of liquor in private dwelling is not prima facie evidence that it is kept for unlawful purpose (National Prohibition Act, tit. 2, § 33 [27 USCA § 50]).**

Possession of liquor in a private dwelling is not prima facie evidence that it is kept for an unlawful purpose, under National Prohibition Act, tit. 2, § 33 (27 USCA § 50), and prima facie case of unlawful possession is made out only where liquor is possessed elsewhere.

**7. Intoxicating liquors ⬅253—Order not appealed from quashing search warrant, must be taken as valid on appeal from order of forfeiture in libel proceeding.**

On appeal from order of forfeiture, in libel proceeding, previous order quashing search warrant, which has not been appealed from, must be taken as valid.

**8. Intoxicating liquors ⬅250—Dismissal of criminal prosecution involving question of defendant's lawful possession of liquor held conclusive as to such issue on subsequent proceedings for forfeiture (National Prohibition Act, tit. 2, § 33 [27 USCA § 50]).**

Where question of defendant's lawful possession of intoxicating liquors under National Prohibition Act, § 33 (27 USCA § 50), was put in issue in criminal prosecution, judgment of dismissal in criminal action was conclusive as to such issue raised between identical parties in libel proceedings for forfeiture of intoxicating liquors.

**9. Intoxicating liquors ⬅250—District Court held without jurisdiction to forfeit intoxicating liquors under libel merely alleging their seizure from claimant's premises, institution of criminal prosecution, and order quashing search warrant.**

District Court *held* without authority to enter decree of forfeiture of intoxicating liquors, under libel merely alleging that liquor had been seized on claimant's premises, and that claimant had been informed against on charge of having intoxicating liquors in his possession, and that motion to quash search warrant had been sustained, especially where criminal prosecution, involving question of claimant's lawful possession of liquor, had been dismissed.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Libel by the United States for the forfeiture of certain intoxicating liquors, opposed by Lino Castro. From a judgment of forfeiture, claimant brings error. Judgment of District Court vacated, and case remanded, with directions.

E. B. Wilcox, of San Juan, Porto Rico (Benicio F. Sanchez, of San Juan, Porto Rico, on the brief), for plaintiff in error.

John V. Spalding, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Dist. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error from a judgment of the District Court of Porto Rico in a libel of information brought to condemn as forfeited to the United States certain liquors alleged to be in the possession of the federal prohibition administrator of Porto Rico.

The libel, except for the prayer, reads as follows:

"The United States of America, by John L. Gay, United States attorney for the district of Porto Rico, who prosecutes for and on behalf of the United States of America, hereby gives the court to understand and be informed that there is in the possession of the federal prohibition administrator for the district of Porto Rico various and sundry intoxicating liquors, the same containing one-half of 1 per centum or more of alcohol by volume and fit for beverage purposes, to wit,

seven hundred thirty-one quart bottles of various wines and brandies, and twenty-four pint bottles of wine, seized on the premises of Lino Castro, at Rio Piedras, Porto Rico, on or about the 16th day of June, 1924, by members of the insular police forces.

"And the United States attorney aforesaid further gives the court to understand and be informed that on August 23, 1924, an information, No. 3300 Criminal, was filed in this court against the said Lino Castro, charging him with having in his possession certain intoxicating liquors, to wit, seven hundred thirty-one quart bottles of various wines and brandies, and twenty-four pint bottles of wine; that on August 30, 1924, the said defendant entered a plea of not guilty to the charge filed against him; that on July 8, 1925, a motion to quash the search warrant was filed by the defendant, said motion being sustained by order of court on September 4, 1925."

The plaintiff in error appeared as claimant and filed an answer, under oath, in which he alleged the liquors in question were "the property of your petitioner and claimant Lino Castro"; that they were illegally taken from his private dwelling by officers of the law without due process of law and contrary to the provisions of the Constitution of the United States and the laws of Porto Rico, said officers having forcibly entered his premises in violation of the Fourth and Fifth Amendments of the Constitution; and made the motion to quash, the opinion of the court, and the order or judgment dismissing the case (in No. 3300 Criminal, referred to in the libel) a part of the answer, the same being of record in the District Court. As to all other allegations of the libel, the claimant neither admitted nor denied the same, but left the United States to its proof.

As a special defense he alleged that the United States, to maintain its libel, must show that the claimant (respondent in No. 3300) had been convicted of "having unlawfully in his possession said liquor"; also that the libel did not allege that the search and seizure were lawful. There was a prayer for the return of the liquors.

Without the introduction of any evidence, other than the sworn answer of the claimant, the District Court ordered a forfeiture of the liquors, and that they be destroyed by the marshal, on the ground that the claimant had not alleged in his answer that he was the owner of the liquors and had submitted no evidence to show that they "were either lawfully acquired, possessed or used" by him. To this order or judgment the claimant excepted and prosecuted this writ of error.

The errors assigned are that the court erred: (1) In not ordering the liquors returned to the claimant; and (2) for other errors appearing in the record.

Counsel for the respective parties have argued many interesting questions, chief among which was whether, on a libel seeking the forfeiture of liquor seized in a private dwelling on the ground that it was there unlawfully possessed, the burden of proof in such case, by virtue of the final clause of section 33, title 2, of the Prohibition Act (41 Stat. 317 [27 USCA § 50]), would be cast upon the possessor or claimant to prove that the liquor was lawfully acquired, possessed, and used.

That clause of section 33 reads as follows:

"But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

[1-3] But we are of the opinion that on this record no such question is open for decision. It is nowhere alleged in the libel that the seizure was lawful, nor that the possession of the liquor, at the time and place of seizure, was unlawful; nor are facts stated from which such conclusions could be drawn. It was essential that the libel, to entitle the government to a judgment of forfeiture, should state facts showing that the possession of the liquor, at the time and place of seizure, was unlawful, and that the seizure was lawfully made. See The Ray of Block Island (C. C. A.) 11 F.(2d) 522; United States v. Specified Quantities of Intoxicating Liquors (C. C. A.) 7 F.(2d) 835; Daeufer-Lieberman Brewing Co. v. United States (C. C. A.) 8 F.(2d) 1, 3, 4.

It surely cannot be said that the government, where it fails to allege the essential grounds upon which a libel of forfeiture may be maintained, can in such case cast the burden upon the claimant of disproving all or any of these essential facts, and, if he fails to do so, a decree of forfeiture may be had. [4-6] Furthermore, if the libel had alleged facts essential to a decree of forfeiture, even

then it seems to us that the burden of going forward and making out a prima facie case of forfeiture would rest upon the government before the burden of the issue as to whether the liquor was "lawfully acquired, possessed and used" in the private dwelling at the time of the seizure would be cast upon the claimant. Otherwise under the statute (section 33), and in the absence of all proof, the allegation of the libel that the liquor was unlawfully possessed by the claimant would be taken as confessed. This would be tantamount to compelling the claimant to testify against himself or be deprived of his property—a clear violation of the Fifth Amendment to the Constitution, which applies to forfeiture cases as well as to criminal ones. Boyd v. United States, 116 U. S. 616, 621, 622, 630, 634, 6 S. Ct. 524, 29 L. Ed. 746. In that case at page 630 (6 S. Ct. 532) the court said: "Any forcible and compulsory extortion of a man's own testimony, or of his private papers to be used as evidence to convict him of crime, or to forfeit his goods, is within the condemnation" of the Fourth and Fifth Amendments. The possession of liquor in a private dwelling is not prima facie evidence that it is kept for an unlawful purpose. It is only when it is possessed elsewhere than in a private dwelling, and without a permit, that its possession is prima facie evidence that it is kept unlawfully. Section 33, title 2, first clause.

See, generally, United States v. Quantity of Intoxicating Liquor (Dist. Ct. Mass.) 289 F. 278; United States v. Cleveland (Dist. Ct. Ala.) 281 F. 249; United States v. Vigneaux (Dist. Ct. Mass.) 288 F. 977; Geraghty v. Potter (Dist. Ct. Mass.) 5 F.(2d) 366; United States v. Descy (Dist. Ct. R. I.) 284 F. 724; Voorhies v. United States (C. C. A. 5th Cir.) 299 F. 275.

[7-9] On this assumption, however, there would be no warrant for the judgment of forfeiture ordered in this case, as the government not only failed to make out a prima facie case of forfeiture, but in its libel alleged facts disclosing that in criminal case No. 3300 the search warrant upon which the seizure was made had been quashed and that the seizure was unlawful. (The order quashing the search warrant, not having been brought here for review, must be taken as valid.) And the record in No. 3300, made a part of the answer, discloses that the criminal information against Castro was dismissed shortly after the libel was filed and before the filing of the answer; and as the fact there put in issue—whether the liquors in question were lawfully possessed by the respondent (claimant here)—was one of the facts that would be put in issue by the libel, if properly drawn, the judgment of dismissal in the criminal action, the parties to the two proceedings being the same, would be conclusive as to that fact in the libel suit. Coffey v. United States, 116 U. S. 436, 443, 6 S. Ct. 437, 29 L. Ed. 684. In this situation the District Court was without authority to enter a decree of forfeiture and should have ordered the liquors returned to the claimant.

The judgment of the District Court of Porto Rico is vacated, and the case is remanded to that court, with directions to enter an order directing the return of the liquors to the claimant.