## UNITED STATES v. ARMSTRONG.

### (District Court, S. D. Florida. July 21, 1921.)

### No. 1350.

Intoxicating liquors ⬤═248, 249—Search warrant and affidavit changed to apply to different premises held invalid.

A search warrant for certain described premises, but which was afterward changed as to date, location of premises, and name of owner to apply to the private dwelling of petitioner, *held* invalid; the affidavit, also changed, but not resworn to, containing no charge that the premises were being used for the unlawful sale of liquor as required by National Prohibition Act, tit. 2, § 25, is not a predicate for the issuance of a search warrant for a private dwelling.

Criminal prosecution by the United States against D. R. Armstrong. On petition by defendant for return of property unlawfully seized. Petition granted.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Damon G. Yerkes, Asst. U. S. Atty., of Jacksonville, Fla., for plaintiff.

Cockrell & Cockrell, of Jacksonville, Fla., for petitioner.

CALL, District Judge. A petition was filed in this cause, setting up that a prohibition officer unlawfully entered the private dwelling house of petitioner and seized therefrom certain liquors therein enumerated, and praying a return of such property; that such prohibition agent claimed to have acted upon a search warrant issued by a United States commissioner, but that said warrant was void: (1) Because said search warrant had been long prior thereto issued to search other and different

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

premises, and was changed by the prohibition agent to relate to petitioner's dwelling, without the consent or knowledge of the commissioner; (2) because said search warrant was void on its face and issued contrary to the Fourth Amendment to the Constitution of the United States.

Affidavits were submitted by the government and petitioner, and the matter submitted upon the petition and such affidavits. From these sources the facts may be epitomized as follows:

In May, 1921, an affidavit was made and a search warrant issued to search premises in Broward county. In June this warrant and affidavit were so changed as to date, name of owner of premises, and location of same as to make it apply to the petitioner and his dwelling house in Dade county.

There is a sharp conflict between the commissioner and the prohibition agent as to the knowledge of the commissioner of these changes. But this conflict becomes of little moment in the consideration of the question here involved, because it is nowhere claimed by the prohibition agent that he reswore to the affidavit after the changes.

The affidavit, as changed, alleges that L. C. Devlin "has good reason to believe, and does verily believe, that a fraud upon the revenue of the United States has been and is being committed by the use of a certain house and room for unlawful possession of intoxicating liquors, at 65 S. E. 2d street," in Miami, the property of D. R. Armstrong. Clearly the affidavit was made with the provisions of section 3462, R. S. (Comp. St. § 6364), in view.

Section 2, title 2, of the Volstead Act (41 Stat. 305), makes section 1014, R. S. (Comp. St. § 1674), and the provisions of title 11 of the Act of June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), applicable to the enforcement of the act. Section 1014, R. S., provides the method of procedure in the commencement of prosecutions, etc. Title 11 of the Act of June 15, 1917, provides who may issue search warrants, grounds for issuance, and then in sections 3, 4, 5, and 6 provides as follows:

Section 3: "A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

Section 4: "The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits to take their depositions in writing and cause them to be subscribed by the parties making them."

Section 5: "The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."

Section 6: "If the judge or commissioner is thereupon satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his name of office, to a civil officer of the United States duly authorized to enforce or assist in enforcing any law thereof, or to a person so duly authorized by the President of the United States, stating the particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken in support thereof, and commanding him forthwith to search the person or place named, for the property specified, and to bring it before the judge or commissioner."

The statute then provides how the warrant shall be served and by whom, limiting the time within which it shall be returned to the judge or commissioner.

Section 25 of the Volstead Act provides that a search warrant may issue as provided in title 11 of the Act of June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. That section then proceeds:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel or boarding house."

Section 33 of the act makes it lawful to have in one's private dwelling for his personal use intoxicating liquors lawfully acquired.

I apprehend that it will not be seriously contended, in the light of the Act of June 15, 1917, and the many decisions of the courts, that a search warrant issued upon the information and belief of the affiant is valid for any purpose. As long ago as 1903, and before the passage of the act of 1917, Attorney General Knox called the attention of the Secretary of the Treasury to the fault in section 3462 allowing affidavits of revenue officers to be made on information and belief. I quote from the letter of June 19, 1903, 24 Opinions of Attorney General, 688:

"The section"—meaning section 3462, R. S.—"does not state all that must be stated in the application therefor. The Fourth Amendment to the Constitution provides that 'no warrant shall issue, but upon probable cause, supported on oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.' The determination of the question whether this requirement and those of the section referred to have been met, and whether the warrant should issue in a particular case, is a highly responsible and important duty."

In Ripper v. United States, 178 Fed. 24, 101 C. C. A. 152, Circuit Judge Hook, delivering the opinion of the court, ably discussed such an affidavit as the officer produced in this case and shows its clear and unmistakable violation of the rights guaranteed to the citizen by the Fourth Amendment. And this ruling has been followed by many District Courts since. Among them I refer to United States v. Kelih (D. C.) 272 Fed. 484, and United States v. Borkowski (D. C.) 268 Fed. 408. There are many others sustaining this doctrine, and I have not had my attention called to any holding the contrary.

In the instant case there is not even an affidavit with this defect; for, as remarked before, the officer nowhere in his affidavit filed on this hearing contends that he swore to the changed affidavit after it was changed, and this would have been necessary, even though the commissioner had given his consent to the change.

I might with propriety have stopped when that fact was apparent, but the matter is so important to the economical administration of the National Prohibition Act that I deem it my duty to go fully into the matter. For that reason I have quoted the portions of title 11 of the Act of June 15, 1917, and also the portion of section 25 of the Vol-

stead Act referring specifically to private dwellings, for the guidance of United States commissioners in this district, and particularly impress these regulations upon them.

The Congress left no doubt in the mind of one reading the act that, when a search warrant was applied for to search a private dwelling, something more must be stated than for a store or other place of business. A man's private dwelling, being his castle, should not be invaded, except and unless it was being used for the unlawful sale of intoxicating liquor, or unless it was being partly used for one or more of the businesses mentioned in the quotation above; and these facts must appear in the affidavit, or such facts be therein contained as will raise in the mind of the officer issuing the warrant a reasonable ground to believe such fact exists.

It is apparent in this case that the search and seizure of the liquor from petitioner's private dwelling was illegal, and under the law there is nothing to do but grant his petition. It will be so ordered.