## UNITED STATES v. RAY & SCHULTZ.

(District Court, E. D. Michigan, S. D.    October 31, 1921.)

No. 7448.

1. **Intoxicating liquors** �köm248—**Affidavit held insufficient to warrant search warrant, as based on belief, and not facts.**

An affidavit that affiant had good reason to and does believe that named persons on certain premises were engaged in unlawful sale and in possession of intoxicating liquors, and that on said premises in the possession of said persons was a certain large quantity of intoxicating liquors used in connection with the sale thereof, was insufficient to warrant a search warrant, under the Fourth Amendment of the Constitution and National Prohibition Act, tit. 2, § 25, as not being based on a sworn statement of facts tending to show a probable cause that proper ground for such warrant existed.

2. **Intoxicating liquors** ⊙köm255—**Liquors unlawfully seized returned, on showing improper issuance of seizure warrant.**

Intoxicating liquors, seized on unlawful search under an improperly issued search warrant, not supported by proper affidavit, will be returned on petitioner showing the facts.

Proceeding by the United States, in the matter of seizure of certain liquor, against Ray & Schultz and others. On petition by the named defendants for an order for the return of liquors. Petition granted.

Stein, McClear & Sarbaugh, of Detroit, Mich., for petitioner.
John E. Kinnane, of Bay City, Mich., U. S. Dist. Atty.

TUTTLE, District Judge. This is a petition by the above-named defendant, praying for an order for the return of certain liquor alleged to have been seized upon a search warrant improperly and unlawfully issued, in violation of the rights of petitioner under the federal Constitution. It is charged that the District Attorney for this district proposes to use said liquor at the trial of the petitioner in this cause in vio-

⊙kömFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lation of said constitutional rights. It is alleged that the search warrant in question was insufficient and void for various reasons mentioned in the petition and discussed in the brief filed on behalf of petitioner.

[1, 2] The principal ground upon which the validity of such search warrant is challenged is that it was not issued upon probable cause, in that the affidavit in support thereof did not allege the necessary jurisdictional facts. The question presented is whether such affidavit was sufficient in law to justify the issuance of said search warrant. The affidavit referred to was in the following language:

"Before the subscriber, a United States commissioner in and for the Eastern district of Michigan, at the city of Detroit, in said district, personally appeared J. W. Jordan, chief federal prohibition agent, Detroit, Michigan, who, being duly sworn, deposes and says:

"1. That he has good reasons to believe and does believe that in and upon and by the use of certain premises and, within said premises, to wit, at the premises located on West Jefferson avenue, being the Riverview Hotel building, occupied by one J. W. Beaton and John Doe, a fraud upon the government of the United States has been and is being committed; that is to say, that the said J. W. Beaton and John Doe and other persons connected with and assisting in the conduct and management of said place and resorting therein, whose names are to this affiant unknown, upon and by the use of the premises aforesaid, are engaged in the unlawful sale and possession of intoxicating liquors, in violation of the National Prohibition Act.

"2. That in and upon the premises aforesaid, and particularly in the Riverview Hotel building aforesaid, and in the possession of the said J. W. Beaton and John Doe and other persons unknown, is a certain large quantity of intoxicating liquors used in connection with the sale thereof, the exact kind and quantity of same being to this deponent at this time unknown.

"Wherefore this affiant prays that a search warrant may issue, authorizing him to search the said premises pursuant to the statute in such case made and provided."

The Fourth Amendment to the federal Constitution is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Section 25 of title 2 of the National Prohibition Act (41 Stat. 315) contains the following provision:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof."

Section 2 of the same title provides that officers authorized to issue warrants of arrest "are authorized to issue search warrants under the limitations provided in title XI of the act approved June 15, 1917." The title of the act of June 15, 1917, just referred to, provides, in section 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼b), that "a search warrant may be issued * * * when the property was used as the means of committing a felony." Section 3 of said act (section 10496¼c) is as follows:

"A search warrant can not be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

Section 4 (section 10496¼d) provides that:

"The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them."

Section 5 (section 10496¼e) reads thus:

"The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."

It is, of course, entirely clear that under the constitutional, as well as the statutory, provisions thus applicable the sufficiency and validity of the search warrant under consideration must be tested and determined by the result of the inquiry whether it was based upon a sworn statement of *facts* tending to show probable cause for the belief that proper ground for the issuance of such search warrant existed, or whether, on the other hand, the latter was based merely upon statements, although sworn to, of *belief*.

Turning to the language of the affidavit in question, it is plain that the first paragraph thereof states merely the belief of the affiant and is wholly insufficient as a basis for the issuance of the search warrant sought, or, in fact, of any search warrant. Ripper v. United States, 178 Fed. 24, 101 C. C. A. 152 (C. C. A. 8); Veeder v. United States, 252 Fed. 414, 164 C. C. A. 338 (C. C. A. 7).

Coming to a consideration of the second paragraph of the affidavit, it is, of course, obvious that, in so far as it is dependent upon or connected with the language of the first paragraph, it is subject to the objection applicable to the latter, as just stated, and is equally void as the basis of a search warrant. It is also apparent that, standing alone and unaided by the context, the words comprising this second paragraph are too indefinite and uncertain to satisfy the legal requirement of a statement of facts tending to show probable cause for believing that the ground for the issuance of a search warrant existed. It does not contain any allegation that the liquor referred to was intended for use in violating the National Prohibition Act, or that it had been or was being used for that purpose, or as the means of committing a felony, nor are any facts stated charging or describing any element of any known crime. An examination of the entire affidavit is convincing that all of it was based upon mere belief. It necessarily follows that the search warrant issued thereon was fatally defective and void.

It therefore becomes unnecessary to consider the other grounds upon which the sufficiency of the search warrant is attacked, as, for the reason pointed out, the prayer of the petition must be granted.