### UNITED STATES v. CANNON.

(District Court, E. D. Michigan, S. D. March 31, 1923.)

No. 7455.

1. **Indictment and information ⊂⇒10—Consideration of incompetent or illegal evidence not ground for quashing.**

The mere fact that incompetent or illegal evidence was submitted to or considered by the grand jury by which an indictment was returned does not afford sufficient grounds for quashing such indictment.

2. **Indictment and information ⊂⇒140(2)—Indictment not quashed on affidavit that only illegal evidence was considered by grand jury.**

An indictment for violation of the liquor laws will not be quashed on a motion supported merely by an affidavit of defendant's counsel averring that the only evidence presented to the grand jury on which an indictment could be found was liquor illegally seized and thereafter ordered returned to the defendant, since such averment is merely the statement of a legal conclusion as to the sufficiency of evidence presented to the grand jury, and is not an issuable averment of any fact warranting the quashing of the indictment in question.

Criminal proceeding by the United States against Charles Cannon, in which defendant moved to quash the indictment. Motion denied.

Earl J. Davis, of Detroit, Mich., U. S. Atty.

Grover L. Morden, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion to quash an indictment returned by the grand jury herein, on the ground, as claimed in said

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

motion, that such indictment was founded upon incompetent and illegal evidence. The motion is based upon the following affidavit, made by the attorney for the defendant:

"Grover L. Morden, being duly sworn, deposes and says that he is attorney for Charles Cannon in the above-entitled cause; that on the 4th day of April, A. D. 1921, this deponent noticed a petition before Hon. Arthur J. Tuttle, moving the said court to enter an order for the return of certain liquors obtained by an alleged invalid search warrant; that the said petition alleged that the property was seized in violation of the constitutional rights of the said respondent, in that the said affidavit in support of the said search warrant was insufficient; that Hon. Arthur J. Tuttle filed an opinion on October 31, 1921, reported in 275 Fed. 1004, declaring said affidavit in support of search warrant invalid. The court held further that the said affidavit in support of the search warrant did not allege the necessary jurisdictional facts. This deponent further says that the said Charles Cannon did appear in court and stood mute under an indictment presented by the grand jury previous to the time the said petition was filed; that the said Hon. Arthur J. Tuttle has held in his opinion that the liquors were seized in violation of the constitutional rights of the respondent. This deponent further says that the only evidence presented to the grand jury upon which an indictment could be found was the liquor which Hon. Arthur J. Tuttle ordered returned under the petition of this deponent. This deponent further says that the presentation or introduction of this liquor as evidence to the grand jury was a violation of the constitutional rights of this respondent under the court's order of October 31, 1921, in that the said presentation of these liquors to the grand jury as evidence was incompetent and illegal, as being the fruits of a violation of the Constitution. Further, this deponent demands an affidavit on the part of the United States district attorney, showing that any evidence has been obtained against this respondent other than that named in the petition aforenamed."

[1] It is well settled that the mere fact that incompetent or illegal evidence was submitted to or considered by a grand jury by which an indictment has been returned does not afford sufficient grounds for quashing such indictment. Holt v. United States, 218 U. S. 245, 31 Sup. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; United States v. Farrington (D. C.) 5 Fed. 343; United States v. Terry (D. C.) 39 Fed. 355; Radford v. United States, 129 Fed. 49, 63 C. C. A. 491 (C. C. A. 2); McGregor v. United States, 134 Fed. 187, 69 C. C. A. 477 (C. C. A. 4); Chadwick v. United States, 141 Fed. 225, 72 C. C. A. 343 (C. C. A. 6); United States v. Swift (D. C.) 186 Fed. 1002; United States v. Rintelen (D. C.) 235 Fed. 787.

[2] It will be noted that the affidavit on which the present motion is based alleges merely that the only evidence presented to the grand jury "upon which an indictment could be found" was the liquor illegally seized. The affiant in this affidavit is the attorney for the defendant, and no facts are therein stated tending to show actual knowledge on his part as to what evidence was considered by the grand jury. It is clear that the allegation just quoted is merely the statement of a legal conclusion as to the sufficiency of the evidence presented to the grand jury, and not an issuable averment of any fact warranting the quashing of the indictment in question.

An order will be entered denying the motion.