EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO GUZMÁN, acusado y apelante.

No. 2285.—*Visto:* Enero 22, 1925. *Resuelto:* Abril 13, 1925.

1. REGISTRO Y SECUESTRO (*Seizures*)—REGISTRO Y SECUESTRO IRRAZONABLES—DETERMINACIÓN DE LA RAZONABILIDAD DEL MISMO.—En cada caso particular la corte debe determinar si el registro y confiscación de un automóvil es razonable en vista de las circunstancias del caso.

2. REGISTRO Y SECUESTRO (*Seizures*)—REGISTRO Y SECUESTRO IRRAZONABLE—MOTIVOS QUE JUSTIFICAN EL REGISTRO Y CONFISCACIÓN.—Existían motivos razonables para registrar un automóvil cuando la policía tuvo conocimiento de que se estaba transportando licores y el carro corría a una velocidad excesiva en violación de la ley.

3. LICORES INTOXICANTES—REGISTRO, SECUESTRO Y CONFISCACIÓN—RECUPERACIÓN DE LICOR ILEGALMENTE OCUPADO.—Aún cuando los licores hubiesen sido ilegalmente ocupados y, por tanto, no admisibles en evidencia, no serán devueltos al acusado.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando culpable al acusado de violar la Ley de la Prohibición Nacional. *Confirmada.*

*Ismael Soldevila,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una apelación de una sentencia de la corte inferior declarando culpable al acusado por haber infringido la sección 3, título 2°., de la Ley Nacional de Prohibición (41 Stat. 305, Fed. Stat. Ann. 1919, p. 202).

El apelante señala como errores—

"1. La corte sentenciadora erró al conocer de este caso sin tener jurisdicción para ello, toda vez que el proceso se formuló a nombre de El Pueblo de Puerto Rico y no a nombre de los Estados Unidos.

"2. El tribunal *a quo* cometió error al admitir como evidencia las botellas de las cuales se habían incautado, sin autoridad de ley, los agentes del gobierno.

"3. La corte inferior erró al no ordenar la devolución al acusado de las botellas en cuestión."

No tenemos que detenernos en la consideración del primer error apuntado, por ser cuestión que ha sido examinada y resuelta en los casos de *El Pueblo* v. *Rodríguez,* decidido en junio 17, 1924 (33 D.P.R.), y *El Pueblo* v. *Baragaño,* resuelto en febrero 18, 1925 (33 D.P.R.).

El segundo error se refiere al registro que del automóvil hicieron los agentes del gobierno y donde ocuparon el licor embriagante, habiéndose introducido en evidencia los envases conteniendo dicho licor contra la objeción del acusado. Se alega, en resumen, por el apelante que el registro fué ilegal por no haberse practicado en virtud de un auto judicial de registro y que la evidencia así obtenida, faltando este requisito y por medios violentos e ilegales, no se podía utilizar en contra del acusado, y que la consecuencia era compeler al acusado a ser testigo contra sí mismo. La proposición del apelante es que en ningún caso puede procederse al registro de un automóvil que transporte ilegalmente licores o se dedique al contrabando de los mismos sin que medie previamente un auto judicial de registro. Tendente a demostrar su aserto el apelante cita numerosa jurisprudencia del Tribunal Supremo de los Estados Unidos que se refiere a registros en domicilios privados, y uno de ellos, *Weeks* v. *United States,* 232 U. S. 383 (34 S. Ct. 341, 58 L. Ed. 652), en que se apoya fuertemente, al registro de correspondencia. Pero Blakemore en su reciente obra sobre prohibición, tratando la misma materia y refiriéndose al mismo caso citado por el apelante, dice:

"La cuestión de la devolución de licores cuando se alega que ha habido una confiscación ilegal es objeto de gran confusión debido mayormente a la decisión de la Corte Suprema en el caso de Weeks v. United States, 232 U. S. 383. La Corte Suprema de Ohio se expresa como sigue:

" 'Las cortes de muchos estados de la Unión han tenido ocasión de tratar esta precisa cuestión, y en más de veinte estados se ha declarado enfáticamente que no puede ordenarse la devolución de licores intoxicantes, propiedad hurtada, efectos de juego, herramientas de ladrones, drogas narcóticas, aparatos para falsificar, billetes de lotería y otras clases de contrabando, cuya mera posesión constituye un acto ilegal, aunque tal propiedad haya sido ocupada sin una orden legal a personas acusadas de delito, y sólo en tres o cuatro estados se ha adoptado una regla contraria. El entrar en una discusión de todos estos casos, o siquiera dar una lista de los mismos, extendería esta opinión a límites irrazonables. En aquellos estados en que se ha adoptado una regla contraria parece que se ha tratado de seguir una interpretación errónea de ciertas decisiones de la Corte Suprema de los Estados Unidos. Antes de proceder a una discusión de esos casos debe observarse que casi uniformemente las cortes de distrito y de apelaciones de los Estados Unidos han declarado que esa clase de propiedad no puede ser devuelta, y han sugerido la verdadera distinción que existe entre ordenar la devolución de propiedad legal y de aquellas clases de propiedad que han sido declaradas contrabando y cuya mera posesión constituye un delito. Rosanski v. State, [106] Ohio, [442], 140 N. E. 370.' " Blakemore on Prohibition, p. 351.

Estamos, no obstante, de acuerdo con el resto de las citas que hace el apelante en todo lo que se relaciona con el registro de domicilios privados y que son aplicables localmente, pues tenemos contenidas en el artículo 2, apartados 3, 13 y 14, de nuestra Ley Orgánica (aprobada marzo 2, 1917), disposiciones equivalentes a las enmiendas IV y V de la Constitución Federal. De todos modos podemos decir que el Congreso al promulgar la ley de prohibición tuvo buen cuidado de que se mantuvieran en todo su vigor las enmiendas IV y V citadas y la jurisprudencia aplicable, toda vez que por la sección 25 de la Ley Volstead (Leyes de 1923, p. 97, Fed. Stat. Ann. 1922, p. 273) se restringe el registro

del domicilio privado en busca de licores, dejando establecida cierta diferencia según se trate del registro en casas o edificios privados y los vehículos que transporten materia intoxicante.

[1, 2] En relación con la intención que a ese fin tuvo el Congreso, en la citada obra de Blakemore, página 333, se dice además:

"La sección 25 de la Ley Volstead restringiendo el registro de los domicilios particulares y la sección 26 declarando como deber del comisionado el confiscar cualquier vehículo que transporte licores, y la sección 6 de la ley de noviembre 23, 1921, son las únicas disposiciones estatutorias sobre la materia. Si el Congreso hubiera sido de opinión que el registrar automóviles en una carretera pública sin una orden de registro era irrazonable, hubiera incluído tal prohibición junto con la relativa a los domicilios, contenida en la sección 25, pero no lo hizo así. Esto parece ser una sanción por el Congreso del registro de vehículos y otros edificios o propiedades sin una orden, a menos que el mismo se hiciere maliciosamente y sin causa razonable. No hay legislación del Congreso sobre la materia de registro y confiscación de automóviles, y en cada caso particular la corte debe determinar, como una cuestión judicial, si el registro y confiscación de un automóvil es o no un registro o confiscación razonable en vista de las circunstancias del caso."

[2] En este caso la prueba establece que hubo motivos razonables para que los agentes del gobierno procedieran al registro del automóvil sin estar provistos de un auto judicial. Dicho vehículo caminaba por una carretera pública y a velocidad excesiva al pasar por el sitio en que estaban dos policías. Éstos tuvieron conocimiento de que se estaba transportando licores entre Río Grande y Luquillo y esto, unido a la velocidad excesiva del carro, que por sí infringía la ley que reglamenta el uso de vehículos de motor en Puerto Rico, despertó en dichos agentes la razonable creencia de que el automóvil transportaba licor, y determinó en ellos su persecución en otro automóvil, pudiendo detener su marcha y proceder al registro, encontrando 36 botellas de brandy marca "Hennessy", "Tres Estrellas", "de las 12

estaban en un saco pequeño, colocado en la parte trasera del carro, en el sitio destinado para poner los pies, y metidas dichas botellas dentro de cartuchos de paja y el resto de las botellas se encontraba debajo del asiento trasero del automóvil.'' Estas últimas palabras del testigo Quijano, policía insular.

El fiscal cita el caso de *United States* v. *Bateman* (D. C., S. D., Cal.) 278 Fed. 231, en el que se dice lo siguiente:

"En vista de la imposibilidad de obtener órdenes para el registro de automóviles que se sospecha llevan licores intoxicantes, los funcionarios tienen derecho, sin mandamiento, a mandar parar y registrar automóviles y el hecho de encontrar en ellos licores justifica el registro."

Esta conclusión a que se llegó en dicho caso fué repudiada en el caso de *United States* v. *Kaplan* (D. C., S. D., Ga.) 286 Fed. 973, pero en este caso, sin embargo, en el cual se niega la devolución de licores que fueron encontrados en un automóvil por haberse registrado sin auto judicial, se dice al mismo tiempo lo siguiente:

"Cuando se hace un registro sin mandamiento, es asimismo esencial que exista un fundamento razonable para ello; pero en tal caso, y por no ser factible el obtener un mandamiento, la conclusión en cuanto a si la causa es razonable debe ser determinada por el funcionario, *a su riesgo.*"

En el presente caso, además, la mera infracción de la ley reglamentando la velocidad de los vehículos de motor en las carreteras públicas, ley aprobada en abril 13 de 1916 (Leyes de 1916, p. 144), artículo 13, justificaba a la policía para detener el automóvil y arrestar al chauffeur.

En el caso de *Kaplan, supra,* pág. 973, se dice:

"En el derecho común era siempre legal arrestar a una persona sin mandamiento cuando el delito era cometido en presencia de un funcionario, y entrar en un edificio en que tal delito se estuviere cometiendo, también sin mandamiento. *McBride* v. *United States* (C.C.A. Fifth Cir.) 284 Fed. 416, 419; *Vachina* v. *United States* (C.C.A. Ninth Cir.) 283 Fed. 35. Este derecho no ha sido eliminado

por disposiciones constitucionales ni estatutorias, y está tan bien establecido que es innecesario hacer más citas.''

La Corte de Circuito de Apelaciones del Cuarto Circuito, en el caso de *Boyd* v. *United States*, 286 Fed. 930, resolvió lo siguiente:

''Bajo la Ley Nacional de Prohibición, tít. 2, sec. 26, autorizando la confiscación de vehículos y licores que en ellos fueren transportados en violación de la ley, cuando el licor conducido en potes de fruta en el asiento trasero de un automóvil podía ser visto simplemente con mirar dentro del carro, el hallazgo de whisky en esta forma y su confiscación sin mandamiento estaban expresamente autorizados, y el testimonio con respecto a dicho registro era admisible en el juicio del acusado.''

Y la sección 26, tít. 2, de la Ley Nacional de Prohibición, prescribe:

''Cuando el comisionado, sus ayudantes, inspectores, o cualquier otro funcionario de la ley encontraren a cualquier persona en el acto de transportar, en violación de la ley, licores intoxicantes en cualquier carro, coche, automóvil, vehículo marítimo o aereo, u otro vehículo, será su deber confiscar todos dichos licores que allí se hallaren en transportación en violación de la ley. Cuando licores intoxicantes transportados o poseídos ilegalmente sean confiscados por un funcionario, éste tomará posesión del vehículo con su pareja o yunta, automóvil, bote, vehículo marítimo o aereo, o de otra clase, y arrestará a la persona que lo tenga a su cargo.''

Es importante decir que aunque en el caso de Boyd, *supra,* por las circunstancias del caso, se aplica directamente la sección 26 transcrita, dejando en suspenso como cuestión general, el derecho de un oficial a registrar un automóvil cuando y siempre que lo creyera conveniente con el fin de poder obtener evidencia, etc., se indica expresamente que cuando por los sentidos se puede descubrir la existencia de licores en un automóvil, realmente cuando se descubre por tales medios, no es un registro o busca en ningún sentido legal o vulgar el que un funcionario mire dentro de un automóvil parado en el camino.

En nuestro caso, una vez detenido el automóvil, los agentes pudieron ver a la simple vista el saco que estaba en el sitio destinado para descansar los pies en el asiento posterior, y sin que les fuera difícil notar la forma de los envases.

En dicho caso, además, como proposición general se declara:

"Existen reconocidas autoridades en apoyo de la proposición de que la persona en posesión de propiedad confiscada no tiene derecho a ser protegida en su posesión, y que la propiedad está siempre legalmente sujeta a confiscación a favor del gobierno. *United States* v. *Stowell*, 133 U. S. 19, 10 Sup. Ct. 244, 33 L. Ed. 555; *Taylor* v. *United States*, 3 How. 197, 205, 11 L. Ed. 559; *United States* v. *Welsh* (D.C.) 247 Fed. 239. El registro y confiscación de automóviles sin un mandamiento de registro en cumplimiento de 'la Ley Nacional de Prohibición (41 Estat. 305), ha sido justificado por este fundamento. United States v. Fenton (D.C.) 268 Fed. 221; United States v. Bateman (D.C.) 278 Fed. 231; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654."

El tercer error carece asimismo de todo fundamento, pues asumiendo a los fines de la argumentación que la evidencia obtenida por el gobierno no se hubiera podido utilizar contra el acusado, aun así no procedería la devolución de los licores al acusado.

El caso *U. S.* v. *Rykowski*, (D.C.) 267 Fed. 866 (4), contiene la siguiente declaración:

"Cuando los licores y alambiques usados por los acusados en violación de la' ley son confiscados por los funcionarios actuando de acuerdo con órdenes de registro nulas, la propiedad no será devuelta a los acusados, aunque la evidencia obtenida mediante el registro no puede usarse contra ellos por razón de los métodos ilegales mediante los cuales fué obtenida."

Esta declaración se sostiene en el caso de *U. S.* v. *Kaplan, supra,* página 972, como la correcta expresión de la ley en oposición al caso de *U. S.* v. *Ray & Schultz*, (D. C.) 275 Fed. 1004, que desaprueba, añadiéndose, además, como principio que merece nuestra aprobación, lo que sigue:

"Por tanto, a menos que la solicitud para la devolución de los licores que se alegan haber sido ilegalmente confiscados demuestre afirmativamente que el peticionario podía legalmente tener posesión de los licores, la tentativa es una para recobrar la posesión de bienes cuya posesión constituye un delito. No hay ley alguna que exija o justifique la devolución de propiedad a una persona cuya posesión de la misma ha de constituir un delito, o cuyo uso de dicha propiedad sólo puede tener por objeto el cometer un delito."

La cuestión, por último, relativa al registro de automóviles y ocupación de la materia intoxicante transportable, ha sido definitivamente resuelta, en fecha reciente, marzo 2, 1925, por la Corte Suprema de los Estados Unidos en el caso de *Carroll et al. v. The United States,* (69 L. ed. 347), en cuyo caso se sostienen las conclusiones que habíamos sentado diciéndose entre otras cosas, lo siguiente:

"La intención del Congreso de hacer una distinción entre la necesidad de una orden de registro para el registro de viviendas particulares y para el de automóviles y otros vehículos de tráfico a los fines de hacer cumplir la Ley de Prohibición queda así claramente demostrada en vista de la historia de la Enmienda Stanley. ¿Es tal distinción compatible con la Enmienda Cuarta? Creemos que sí. La Enmienda Cuarta no condena todos los registros o incautaciones sino sólo aquellos que son irrazonables.

❊ ❊ ❊ ❊ ❊ ❊ ❊

"Por razón lógica y por las autoridades la verdadera regla es que si el registro e incautación sin orden se hacen habiendo causa probable, o sea, habiendo una creencia, razonablemente deducible de circunstancias conocidas al oficial incautador, de que un automóvil u otro vehículo contiene lo que por ley está sujeto a incautación y destrucción, el registro y la incautación son válidos. La Cuarta Enmienda ha de interpretarse a la luz de lo que se consideraba un registro o incautación irrazonable en la época de su adopción, y en tal forma que proteja los intereses públicos tanto como los intereses y derechos de los ciudadanos individualmente.

❊ ❊ ❊ ❊ ❊ ❊ ❊

"A la luz de estas autoridades, y de lo que aparece de estos autos, resulta claro que los oficiales en este caso estuvieron justificados al practicar el registro e incautación. Esto equivale a decir que los hechos y circunstancias de su conocimiento o sobre los que tenían informes razonablemente fidedignos eran suficientes por sí solos para

justificar a un hombre de razonable prudencia en la creencia de que se transportaban licores intoxicantes en el automóvil que ellos mandaron parar y registraron.''

Se hace conveniente dejar aclarado, sin embargo, que ya establecida la regla para poder registrar sin mandamiento judicial un automóvil u otro vehículo de motor que oculta contrabando, un registro caprichoso o por meras sospechas no sería justificable. De ahí es la línea divisoria de legal o ilegal, según las circunstancias del caso, que se tiende a establecer en el caso de Carroll que hemos citado. En tal dirección la Corte Suprema de los Estados Unidos continúa diciendo:

''Quedando así establecido que puede practicarse un registro sin orden en busca de artículos de contrabando ocultos en un automóvil u otro vehículo y allí transportados ilegalmente, vamos ahora a considerar en qué circunstancias puede hacerse dicho registro. Sería intolerable e irrazonable que un agente de la prohibición estuviera autorizado para mandar parar todos los automóviles a la ventura de encontrar en ellos licores, sometiendo así a todas las personas que usan legalmente los caminos públicos a la inconveniencia e indignidad de tal registro. \* \* \* Pero aquellos que legalmente están dentro del país con derecho a usar los caminos públicos, tienen el derecho al libre paso sin interrupción o registro (*search*) a menos que exista para un funcionario competente y autorizado para hacer registros, causa probable para creer que sus vehículos están conduciendo contrabando o mercancía prohibida.

\*          \*          \*          \*          \*          \*          \*

''Aquí encontramos la línea de distinción entre las incautaciones legales e ilegales de licores transportados en vehículos. Es ciertamente una distinción razonable. Da al dueño del automóvil o vehículo secuestrado en virtud de la sección 26, a falta de causa probable, el derecho de que se le devuelva el automóvil, lo protege, de acuerdo con los casos de Weeks y Amos, contra el uso de los licores como prueba contra él, y somete al oficial que practica el secuestro a daños y perjuicios. Por el contrario, en un caso en que se demuestre la causa probable, se ha dado al gobierno y a sus oficiales la oportunidad que deben tener para hacer la investigación necesaria con el fin de dar con e incautarse de artículos de contrabando en casos de sospecha razonable.''

[3] En el mismo caso se rehusa además la devolución de los licores ocupados y aunque ese extremo se discute de un modo incidental, se menciona sin embargo el caso de *Kaplan, supra,* cuya doctrina, sin embargo, hemos adoptado en relación con la cuestión que directamente planteó el apelante en el presente caso, solicitando la entrega de los licores y lo cual hemos negado.

Por todo lo expuesto, *la sentencia inferior debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Hutchison, disintieron.