MANUEL SANTINI, demandante y apelante, *v.* HON. RAFAEL CORDOVÉS ARANA, JUEZ de la Corte Municipal de Caguas, demandado y apelado.

No. 4425—*Sometido:* Marzo 14, 1928. *Resuelto:* Marzo 12, 1929.

A. S. *López,* abogado del apelante; *Attorney General George C. Butte, R. A. Gómez* y *R. Cordovés Arana, Sub-Procuradores* y *José E. Figueras, Fiscal del Supremo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Manuel Santini fué acusado ante la corte municipal de poseer en su casa bebidas embriagantes.

Después de presentarse la prueba de cargo, el acusado levantó tres cuestiones:

Primera: Que la evidencia obtenida como resultado de una orden de allanamiento expedida bajo la ley de aduanas no puede admitirse como base para un caso, de acuerdo con la Ley Nacional de Prohibición.

Segunda: Que siendo nula dicha orden por el defecto señalado, debe devolverse la bebida ocupada al acusado; y

Tercera: Que los hechos alegados en la denuncia no constituyen delito público porque la mera posesión de licores embriagantes no está prohibida.

El juez municipal declaró con lugar la excepción perentoria presentada como tercera causa de defensa, ordenó el archivo del procedimiento y absolvió al acusado. Habiendo decidido el caso en esta forma, la corte resolvió que era innecesario decidir la cuestión relativa a la validez del allanamiento, pero expresó la opinión de que aunque el licor hubiese sido ilegalmente ocupado y fuese, por tanto, inadmisible como prueba, no debía ser devuelto al acusado. Se citó el caso de *El Pueblo* v. *Guzmán,* 34 D.P.R. 117, en apoyo de este *obiter* o resolución, en caso de que pueda considerarse como una resolución sobre la segunda cuestión levantada por el acusado.

El allanamiento en cuestión fué expedido por un comisionado de los Estados Unidos para el distrito de Puerto Rico, quien utilizó el formulario impreso usado por el servicio de aduanas de los Estados Unidos. Fué expedido basado en la declaración jurada de un inspector de aduanas de los Estados Unidos, radicada ante dicho comisionado, después de haber éste examinado bajo juramento al inspector. El inspector manifestó bajo juramento que tenía motivo para sospechar y creía que ciertos licores extranjeros, importados ilegalmente en Puerto Rico, sobre los cuales no se habían

pagado los derechos, o que habían sido introducidos en los Estados Unidos contrario a la ley, se hallaban en la residencia de Manuel Santini.

El diligenciamiento hecho por el inspector de aduanas en el mandamiento contiene un inventario de los licores ocupados, que incluye las siguientes partidas:

6 botellas de brandy Hennessy.
6 botellas de vino Moscatel.
2 botellas de vino Moscatel.
5 botellas de ginebra Gordon, conteniendo una de ellas como la tercera parte.
1 botella de ginebra Old Form.
1 botella conteniendo como la mitad de brandy.
21 botellas.

Santini acudió a la Corte de Distrito en solicitud de un auto de *mandamus* para obligar al juez municipal a que le entregara los licores. Se expidió un auto condicional y después de celebrada la vista, en la que el peticionario presentó su prueba, el auto fué anulado de conformidad con el caso de *El Pueblo* v. *Guzmán, supra,* y por el fundamento adicional de que la devolución de los licores no era un acto ministerial de parte del juez, sino que era más bien cuestión de discreción para ser ejercida por él al presentarle el peticionario prueba de que tenía derecho a poseer los licores.

Santini apeló y alega que la corte de distrito cometió error al interpretar la doctrina enunciada en el caso de Guzmán. El letrado del apelante rehusa expresamente discutir el segundo fundamento de la decisión apelada, basándose en la teoría de que la cuestión envuelta es meramente técnica y debe ser pasada por alto en beneficio de la justicia substancial. No podemos estar de acuerdo con este punto de vista.

En los autos que tenemos ante nuestra consideración no

hay indicación alguna de que Santini solicitara la devolución de los licores antes del juicio, se opusiera a la presentación de ellos como prueba o atacara la legalidad de la ocupación en ningún momento o en forma alguna, ante la corte municipal, a no ser en la forma que antes se ha dicho. Nada hay que demuestre bajo qué teoría se atacó la legalidad de la confiscación de los licores, de haber sido atacada, por la sugestión de que prueba obtenida por virtud de una orden de allanamiento expedida de conformidad con las leyes de aduanas es inadmisible para que sirva de base a una causa instituida bajo la Ley Volstead.

No es necesario que decidamos por ahora si el recurso de *mandamus* procede o no para obligar a resolver la cuestión de la legalidad de la confiscación, en ausencia de una apelación de la supuesta negativa de devolver los licores, y en ausencia de cualquier petición formal para que se hiciera tal devolución. Ciertamente bajo tales circunstancias la corte inferior estuvo muy en lo cierto al declarar sin lugar la petición y al anular el auto condicional, en vista de que cualquier error por parte del juez municipal al resolver que como cuestión de ley incumbía al peticionario establecer su derecho a poseer los licores, aunque su ocupación fuese ilegal, no puede ser revisado ni corregido mediante el recurso de *mandamus*.

Un auto de *mandamus* contra el juez municipal en el presente caso exigiría no solamente que se revocara su resolución sobre una cuestión de derecho, sino también la determinación en primer lugar de la otra cuestión de derecho no resuelta por él ni presentada en debida forma por el peticionario para su resolución. No conocemos ninguna autoridad o principio de ley que pudiera justificar tal uso del recurso de *mandamus*.

*La sentencia apelada debe ser confirmada.*